### No. 9954.
### Orleans Appeal.

### JEFFERSON SHIPBUILDING CO., INC., v. O. M. GWIN CONSTRUCTION CO.

---

(March 16, 1925, Opinion and. Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625, 636.**
In a suit for price of labor and material furnished under verbal contract for repairs to a launch, where the evidence is conflicting as to repairs actually ordered and as to price agreed upon, the finding of the trial judge will not be disturbed unless manifestly erroneous.

Appeal from the First City Court for the City of New Orleans, Section "A", Hon. Leon L. Labatt, Judge.

This is a suit for recovery of cost of repairs made to a launch.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John Dymond, A. Giffen Levy, R. J. Weimann, attorneys for plaintiff and appellee.

Terriberry, Rice & Young, attorneys for defendant and appellant.

BELL, J.  This is a suit arising from an alleged verbal contract for repairs to a certain gasoline launch known as the "Chas. E", and belonging to defendant. The petition sets forth that plaintiff, under orders received from the defendant company, furnished labor and materials, as set out in itemized bills annexed to the petition, and that plaintiff made certain repairs to defendant's launch, all in compliance with defendant's directions.  It is further alleged that on October 29, 1919, some time subsequent to the completion of the repairs, and after bills therefor had been rendered, amounting to $219.67, defendant advised plaintiff that it would pay the bills in full, but that notwithstanding such promises and acknowledgments, said bills still remained due and unpaid.

The defense to this suit amounts to a denial of all items claimed by the plaintiff except those in respect to the repairs made upon the bottom of the launch in question, consisting of smoothing and corking and painting the same.  These particular repairs, amounting to $50.00, defendant admits is due, but as to all other items defendant denies any liability.

There was judgment as prayed for in the sum of $219.67 and defendant has appealed.

It is contended that if any other repairs than those for which liability is admitted, were made to the boat in question, that same were made without the authority of the defendant, owner of said boat, and while the boat was under lease to a third party.  The record is a voluminous one, and after considering the briefs, arguments and evidence before us, it would seem that many of the items for which plaintiff has sued the present defendant are items of repairs which were probably made without defendant's authority or approval.  But such defense is not available, for the reason that we find to be true the allegation in plaintiff's petition to the effect that defendant subsequently agreed to pay all items now claimed.  All of the repairs on the launch "Chas. E" were made some time in July of 1919 and while considerable protest seems to have been made, by correspondence and otherwise, against the bills rendered to the defendant, we find in the record, under date of October 29, 1919, a letter written by defendant company to the plaintiff, in which defendant has agreed, in unqualified terms, to settle in full all bills which had been rendered to it as early as the month of July, 1919. The trial judge, in examining the main witness testifying on behalf of the plaintiff, propounded the following question:

"Q.  At the time you received this letter from Gwin, in which he states that he is willing to pay your bill in full if he succeeds in making a sale of this boat, had he received your bill which is now sued upon in this case, and was it in his possession?
"A.  Yes, sir."

The foregoing testimony has not been contradicted or qualified in any manner, and we find from the letters and other documentary evidence in the record before us, that the defendant, without qualification, has acknowledged the entire claim now sued upon, and that promise to pay same was made in writing under the date aforementioned.  For these reasons, the judgment appealed from is, in our opinion, correct and should be affirmed.

It is, therefore, ordered that the judgment appealed from herein be and the same is hereby affirmed, at defendant's costs in both courts.